**FILED**

JUL 1 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LUCAS MARTINEZ, | ) | No. C 10-02525 EJD (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT THOMAS MARTINELLI'S MOTION FOR SUMMARY JUDGMENT |
| vs. | ) ) ) | |
| MICHAEL C. SAYRE, et al., | ) ) | |
| Defendants. | ) ) | (Docket No. 14) |

Plaintiff, a state prisoner proceeding pro se, brought the instant civil rights complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by officials of the Pelican Bay State Prison ("PBSP"). Finding that the complaint, liberally construed, stated cognizable claims, the Court ordered service upon Defendants. Defendant Thomas Martinelli moves for summary judgment.[1] Plaintiff has filed an opposition, and Defendant has filed a reply.

## BACKGROUND

The following facts are not in dispute unless otherwise indicated. The events leading to this action took place at PBSP. Plaintiff is a stage 3 Hepatitis C patient.

---

[1] Defendants Claire Williams and Michael Sayre have filed a separate motion for summary judgment (Docket No. 36) which is not yet submitted.

Order Granting MSJ
N:\Summer 2011\Krishna\Martinez MSJ Draft 5.wpd

(Compl. at 3.) Plaintiff was diagnosed with intercostal neuritis on October 17, 2008, by a doctor who is not a party to this action. (Id.) According to Plaintiff, he often suffers from sharp pains that drop him to the floor and cause him to lose control of his body. (Id.)

On June 30, 2009, Plaintiff fell to the floor of his cell due to severe pain. (Id. at 3(i).) Other nearby inmates called for help, and Plaintiff was taken in a wheelchair to the prison medical clinic where he was seen by Defendant. (Id.) According to Defendant, Plaintiff complained of "severe right abdominal pain without nausea and vomiting after his Tylenol number 3 (Tylenol with codeine) had been discontinued two days earlier." (Def.'s Mem. of P. & A. at 3; Docket No. 15.) Plaintiff was taking Naprosyn for his pain. (Id.) According to Plaintiff, Defendant refused to treat him and sent him back to his cell. (Compl. at 3(i).)

According to Defendant, he examined Plaintiff and checked his vitals. (Def.'s Mem. of P. & A. at 3.) The exam revealed that Plaintiff's vital signs were normal, "except for an initial pulse rate of 158 beats per minute, which dropped to 106 beats per minute when actually examined by [Defendant]." (Id. at 2.) Defendant examined Plaintiff's abdomen with a stethoscope and "observed normal bowel sounds and no tenderness in all abdominal quadrants with the pressure exerted by the stethoscope." (Id.) However, Plaintiff "complained of 'severe' epigastric tenderness without rebound tenderness" when Defendant palpated Plaintiff's abdomen with his hand. (Id.)

From his physical examination of Plaintiff, Defendant concluded that he "doubted [that Plaintiff's] abdominal pain had a physiological source since there was no gastrointestinal component, and he noted that a recent abdominal ultrasound had been negative." (Id. at 3.) Furthermore, after the examination, Defendant discussed Plaintiff's case with Dr. Williams, Plaintiff's primary care physician, and a registered nurse. (Id.) After the consultations, Defendant advised Plaintiff that he "found nothing to treat emergently," and recommended an increase to Plaintiff's Naprosyn prescription. (Id.) The next day, July 1, 2009, Defendant ordered that Plaintiff's prescription for

Naprosyn be increased "to 500 mg to be taken twice per day for 15 days, and then reduced to 250mg per day for 60 days." (Id.)

## DISCUSSION

A.  **Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions

on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028-29 (9th Cir. 2001).

## B. Legal Claims and Analysis

Plaintiff claims Defendant was deliberately indifferent to his serious medical condition because Defendant refused to treat him on June 30, 2009. (Compl. at 3(i).) According to Plaintiff, Defendant violated his Eighth Amendment right by denying him access to medical treatment. Defendant contends that he was not deliberately indifferent to Plaintiff's condition, and that his treatment of Plaintiff "met the standard of care expected of a physician Board Certified in Internal Medicine." (Def.'s Mem. of P. & A. at 2.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A

prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297). The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See id., 511 U.S. at 834.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). Examples of instances where a prisoner has a serious medical condition include, "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official "should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

In order for deliberate indifference to be established, therefore, "there must be a purposeful act or failure to act on the part of the defendant" and resulting harm. See McGuckin, 974 F.2d at 1060. A finding that the defendant's activities resulted in "substantial" harm to the prisoner is not necessary, however. Neither a finding that a defendant's actions are egregious nor that they resulted in significant injury to a

prisoner is required to establish a violation of the prisoner's federal constitutional rights, McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v. McMillian, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that Constitution is violated "whether or not significant injury is evident")), but the existence of serious harm tends to support an inmate's deliberate indifference claims, Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, 974 F.2d at 1060).

Defendant does not contest the serious nature of Plaintiff's medical needs. Rather, he asserts that he responded appropriately to Plaintiff's condition on June 30, 2009. In support of his motion for summary judgment, Defendant submits copies of Plaintiff's medical records and the declaration of Dr. Nicholas H. Anton, a physician licensed to work in California. (Decl. N. Anton at 3; Docket No. 18.) Dr. Anton was board certified by the American Board of Internal Medicine in June 1975, and since then has practiced medicine for over thirty years. (Id. at 5.) Dr. Anton reviewed the records of the medical care Plaintiff received at PBSP and concluded that Defendant provided Plaintiff with "medical care which met or exceeded the standard of care required of an internist." (Id. at 3.) Dr. Anton's declaration and the medical records support Defendant's assertion that he provided Plaintiff with adequate medical treatment, and that there is no genuine issue of material fact. Because Defendant has met his initial burden, the burden shifts to Plaintiff, the nonmoving party, to "go beyond the pleadings" and show "'a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324-25.

Plaintiff contends that Defendant was incorrect in concluding that there was no physiological source to Plaintiff's pain because, according to an earlier ultrasound, he had a small mass on the liver. (Opp'n at 4; Docket No. 30.) In other words, he is claiming that there were "facts from which the inference could be drawn that a substantial risk of serious harm exists," and that Defendant's failure to draw the inference constitutes deliberate indifference. Farmer, 511 U.S. at 837. However, if a prison official should have been aware of the risk, but was not, then the official has not

Order Granting MSJ
N:\Summer 2011\Krishna\Martinez MSJ Draft 5.wpd

6

violated the Eighth Amendment, no matter how severe the risk. <u>Gibson</u>, 290 F.3d at 1188. Nothing in the record suggests that Defendant knew, or inferred from the facts available to him, that Plaintiff faced a substantial risk of serious harm.

Plaintiff also argues that Defendant was incorrect in his finding that the ultrasound was negative. (Opp'n at 4.) Plaintiff's assertion constitutes a mere difference of opinion from that of Defendant. Because "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," Plaintiff's assertion is not dispositive. <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. <u>See Toguchi</u>, 391 F.3d at 1058. Here, a disagreement between Plaintiff and Defendant on the right course of action does not give rise to a § 1983 claim. <u>Franklin</u>, 662 F.2d at 1344. In addition, Plaintiff relies on an ultrasound dated September 12, 2008 (Opp'n, Ex. A), to counter Defendant's reliance on an ultrasound dated June 10, 2009, showing that there were no masses on his liver (Def.'s Reply, Ex. A-001; Docket No. 32). Because the most recent ultrasound was negative, Plaintiff's argument is not persuasive. Moreover, Defendant's treatment of Plaintiff was reviewed by Dr. Anton who concluded that Defendant "met or exceeded the standard of care required of an internist." (Decl. Anton at 3.) Plaintiff does not provide evidence showing otherwise.

Plaintiff argues that the Physician's Progress Notes written by Dr. Caroline Capitano on October 17, 2008, is evidence that Defendant was deliberately indifferent to his serious medical condition. (Opp'n at 7.) In the Physician's Progress Notes, Dr. Capitano concluded that Plaintiff has "intercostal neuritis, most likely 'slipped disk' syndrome." (Opp'n, Ex. B.) Similarly, Plaintiff provides the diagnosis of Dr. George Isenhart, dated September 6, 2008, which states that Plaintiff has pain from the liver. (Opp'n, Ex. C.) However, both the diagnoses (Opp'n, Ex. B, C) were written over eight months prior to the June 30, 2009 incident at issue, and are not probative as to whether

Defendant provided proper treatment for Plaintiff's condition on that particular day. It appears that Plaintiff is complaining that Defendant's choice of treatment was inconsistent with that of his previous doctors and therefore inadequate. However, a showing that Defendant and other doctors have different opinions regarding the right course of treatment is insufficient to establish deliberate indifference on the part of Defendant. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Here, even if Dr. Isenhart's and Dr. Capitano's diagnoses were current, there is no evidence showing that either Dr. Isenhart or Dr. Capitano would have disagreed with Defendant's choice of treatment based on Plaintiff's condition on June 30, 2009.

Plaintiff claims that "[g]rossly incompetent or inadequate care can constitute deliberate indifference in violation of the Eighth Amendment where the treatment is so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."[2] (Opp'n at 6.) However, Plaintiff makes no showing that Defendant either intentionally maltreated him or refused to provide "essential care." On the contrary, Defendant examined Plaintiff, consulted with other medical professionals, and prescribed additional medication to alleviate Plaintiff's pain. Defendant also provides Dr. Anton's declaration which states that Defendant's treatment of Plaintiff was medically sound. (Decl. Anton at 3.) Furthermore, the Ninth Circuit has held that neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). Thus, even if Defendant's actions were grossly negligent, the deliberate indifference requirement is not met for an Eighth Amendment violation.

///

///

---

[2] It appears Plaintiff is quoting Dulany v.Carnahan, 132 F.3d 1234, 1240-41 (8th Cir. 1997) (citing Smith v. Jenkins 919 F.2d 90, 93 (8th Cir. 1990)), which are Eighth Circuit cases, and therefore not binding on this Court.

Plaintiff also contends that because Defendant refused to treat him, he "had to be sent back to [the] prison clinic to recieve [sic] medical treatment."[3] (Opp'n at 7.) Plaintiff seems to be arguing that because he was returned to the prison clinic later in the evening, Defendant's earlier treatment that day constitutes deliberate indifference to Plaintiff's serious medical condition. In reply, Defendant argues that Plaintiff's return to the clinic for medical treatment does not support Plaintiff's claims against him because Plaintiff raised different medical concerns on his second visit. (Def.'s Reply at 4-5.) The record reflects that Plaintiff complained of severe abdominal pain without nausea and vomiting when he saw Defendant during his first visit to the prison clinic on June 30, 2009. (Decl. Anton at 13.) When Plaintiff visited the clinic the second time, he complained of right anterior rib pain and difficulty breathing. (Def.'s Reply, Ex. A-001.) Because Plaintiff raised different complaints during his two visits to the clinic, it cannot be said that the second visit lends support to his claim of deliberate indifference on the part of Defendant.

According to the record, Defendant checked Plaintiff's vitals, reviewed Plaintiff's medical records, and increased Plaintiff's Naprosyn prescription. See *supra* at 2-3. Moreover, Defendant's actions were reviewed by Dr. Anton, who concluded that Defendant's treatment choices were adequate. See *supra* at 6. Nothing in the record suggests that Defendant purposefully withheld medical treatment from Plaintiff or that he purposefully acted – or failed to act – in a way that resulted in harm to

---

[3] Plaintiff provides declarations from Salvador Bernardino and Jose Ledesma stating that they overheard correctional officers tell Plaintiff they were sorry and could not believe that Defendant had refused to treat him. (Opp'n, Ex. F.) Similarly, Plaintiff alleges in his declaration that the correctional officers told him they were sorry and could not believe that the doctor had refused to treat him. (Opp'n, Ex. G at ¶ 10.) A district court can only consider admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay evidence is inadmissible and thus may not be considered on summary judgment. See id. at 778. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Id. (citing Fed. R. Evid. 801(c)). Because the declaration by Plaintiff, and the declarations in support of Plaintiff's claim include statements made by non-declarants, the parts of the declarations that contain such statements are inadmissible under Fed. R. Evid. 801.

Plaintiff. See McGuckin, 974 F.2d at 1060.

Having reviewed the pleadings and all submitted papers on this matter, this Court finds that Plaintiff's allegations do not establish that Defendant acted with deliberate indifference to his serious medical needs. Accordingly, Defendant is entitled to judgment on this claim as a matter of law. See Celotex Corp., 477 U.S. at 323.

## CONCLUSION

For the foregoing reasons, Defendant Thomas Martinelli's motion for summary judgment (Docket. No. 14) is GRANTED. All claims against this Defendant are DISMISSED with prejudice.

This order terminates Docket No. 14.

DATED: 7/8/11

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MARTINEZ,

    Plaintiff,

v.

MICHAEL SAYRE et al,

    Defendant.

Case Number: CV10-02525 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Lucas Martinez P-67325
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532

Dated: July 11, 2011

                              Richard W. Wieking, Clerk
                              /s/ By: Elizabeth Garcia, Deputy Clerk